UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION
Federal Courthouse, 116 N Main Street
Harrisonburg, Virginia 22802

**ELIZABETH HARING,**
                Plaintiff,

v,                                                Civil Action No523: cv-00044

**MCMICHAEL TAYLOR GRAY, LLC**
Please Serve:
CT Corporation System
4701 Cox Road, Suite 285
Glen Allen, Virginia 23060-6808
Registered Agent

**TODD RICH**
3550 Engineering Dr, Ste 260
Peachtree Corners, GA 30092

**ANDREW KAMENSKY**
3275 W Hillsboro Blvd, Ste 312
Deerfield Beach, FL 33442

**DIANA THEOLOGOU**
7470 Technology Way, Ste P
Frederick, MD 21703

                Defendants.

### COMPLAINT

Elizabeth Haring ("Haring"), by counsel, sets forth the following to the Court:

### I.    Jurisdiction

1. This Court has jurisdiction as to this case under the provisions of 28 U.S.C. § 1331 and 15 U.S.C. 1692 et seq, ("the Fair Debt Collection Practices Act") and 28 U.S.C. Section 1332.

1

## II.   Venue

2.  Venue is proper in the Court because this case involves debt collection related to a mortgage loan that was entered into as lien on a house and land intended for residence ("the property") located at 53 Leigh Court, Basye, Virginia in Shenandoah County, Virginia.

## III.   Parties

3.  Haring is a natural person who is a consumer within the meaning of the Fair Debt Collection Practices Act.

4.  McMichael Taylor Gray, LLC ("McMichael Taylor") is a limited liability company doing business in the Commonwealth of Virginia and a law firm. McMichael Taylor is a debt collection law firm and a "debt collector" within the meaning of the Fair Debt Collection Practices Act.

5.  Todd Rich ("Rich") is a natural person and a lawyer. Rich is a debt collection lawyer,

6.  Andrew Kamensky ("Kamensky") is a natural person and a lawyer who has been employed at McMichael Taylor as a management lawyer at all times relevant to this case and has acted as a debt collector as to this case.

7.  Diana Theologou ("Theologou") is a natural person and a lawyer in management at McMichael Taylor engaged in debt collection.

## IV.   Facts

### *Facts Applicable to All Counts*

8.  In August 2004, Haring purchased the property. She became indebted to Lehman Brothers in the amount of $172,000 when she purchased the property. Her debt was consumer debt. Lehman Brothers assigned the note and a bank ("the bank") claimed status as lender and acted as lender within the meaning of the Fair Debt Collection

        Practices Act, engaging all of the defendants as debt collectors on behalf of the bank within the meaning of the Fair Debt Collection Practices Act.

9. Years later, Haring defaulted on the mortgage loan, resulting in debt collection activities within the meaning of the Fair Debt Collection Practices Act.

10. On June 17, 2019, a foreclosure auction took place. Shortly thereafter, a Trustee's Deed was filed in the public land records of Shenandoah County, Virginia.

11. In October 2019, the bank through counsel initiated a first unlawful detainer action against Haring in the General District Court of Shenandoah County, Virginia ("the general district court"). During the year 2022, Haring was engaged in defending such unlawful detainer litigation in this Court, in which she was the defendant and the plaintiff was represented by McMichael Taylor and lawyers in that firm, including, inter alia, Rich, Kamensky, and Theologou. That case was removed to this Court and involved the issue of possession of the property. The bank sought dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure, which Haring opposed. This Court granted the bank's Rule 41 motion. Haring appealed to the Fourth Circuit Court of Appeals ("the 4th Circuit").

12. In the year 2023, Haring was an appellant as to the aforesaid litigation in the 4th Circuit.

13. On or about February 21, 2023, McMichael Taylor, through Theologou, on behalf of the bank filed a second unlawful detainer summons against Haring in the General District Court of Shenandoah County, Virginia ("the general district court") where it is now pending. McMichael Taylor, through Theologou and Rich is counsel of record for the bank in that case.

**Count One:   Breaches of the Fair Debt Collection Practices Act by McMichael Taylor in 2022; Seeking Statutory Damages, Compensatory Damages, Punitive Damages, and Attorney's Fees**

14. In all of the actions of McMichael Taylor averred in this Count of this complaint, McMichael Taylor acted as a debt collector within the meaning of the federal Fair Debt Collection Practices Act, 15 U.S. C. Section 1692 et seq. because of the following:

    A. The Fair Debt Collection Practices Act defines a "debt collector" *inter alia*, as follows:

    > ... any person who uses .... The mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts ... asserted to be owed or due another

    B. All of the communications by McMichael Taylor to Haring recited herein after in this Count of this complaint stated that McMichael Taylor was acting as a "debt collector."

    C. Haring borrowed $172,000 when she purchased the property, which was secured by a deed of trust in favor of the lender.  The bank purported to own the note secured by the deed of trust by virtuie of a purported assignment.  The bank purported to foreclose on the property on June 17, 2019 and caused a purported trustee's deed to be recorded in the public land records of the clerk of this Court.  The legal actions by the bank, through the defendants in this case (acting as debt collectors) stem from the foreclosure process as the last step of such process and are attempts at debt collection (through the effects of a purported foreclosure) and therefore debt collection within the meaning of the Fair Debt Collection Practices Act.

15. In 2020 and 2022, McMichael Taylor twice failed to obtain summary judgment in the unlawful detainer case against Haring.

16. On July 19, 2022, McMichael Taylor sent a letter to Haring's counsel, intended for Haring, a copy of which accompanies this complaint as "Exhibit A."

17. Without the benefit of a court order or judgment of possession, McMichael Taylor threatened self-help eviction, prohibited by Virginia law. McMichael Taylor threatened Haring that if she did not remove her personal belongings from the property by August 22, 2022, the bank would cause it to be removed and put in storage for 30.

18. Later on July 19, 2022, McMichael Taylor sent a second letter to Haring's counsel, intended for Haring, copy of which accompanies this complaint as "Exhibit B."

19. Haring's counsel, as he was bound to do, relayed Exhibit A and Exhibit B to Haring.

20. Exhibit A caused Haring emotional distress.

21. Exhibit B caused Haring even more emotional distress.

22. Subsequently, McMichael Taylor, through Rich acting as its agent, stated to Haring's counsel that Exhibit B -- which threatened to remove Haring's personal property from the aforesaid residence and threatened to dispose of such personal property without further notice to Haring -- threatened more than was actually intended because the actual intent was to put such personal property in storage.

23. In sending Exhibit A and Exhibit B, McMichael Taylor breached the Fair Debt Collection Practices Act for reasons including but not limited to the fact that those letters were illegal, unfair, abusive, harassing, oppressive, unfair, and unconscionable within the meaning of the Fair Debt Collection Practices Act and in breach of the Fair Debt Collection Practices Act. In the subject litigation (filed in the Circuit Court of

Shenandoah County, Virginia and removed to this Court) at all times relevant to this count of this complaint, McMichael Taylor's client was not entitled to enter the residence and was not entitled to remove any of Haring's personal property located in the residence. Because of such lack of right to enter the residence and lack of right to remove any of Haring's personal property from the residence, it was abusive, unfair, and unconscionable for Exhibit A and Exhibit B to threaten entry into the residence and removal from the residence of personal property belonging to Haring

24. In sending Exhibit B, McMichael Taylor additionally breached the Fair Debt Collection Practices Act because Exhibit B was deceptive because it sought to advance collection action by deceptive means, i.e. by threatening more than was actually intended.

25. Pursuant to 15 U.S.C. Section 1692 (b) debt collectors may not communicate with third parties.

> Except as provided in Section 1692(b), without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

26. Notwithstanding the lack of any of the exceptions recited above, on and after July 19, 2022, McMichael Taylor by and through its employees, Rich, Kamensky, and Theologou, and other agents breached the Fair Debt Collection Practices Act when it communicated multiple times -- with Bryce Resort, Sky Bryce Security, Sky Bryce HOA, and others -- details about the aforesaid debt, about Haring, and about the bank's debt collection activities through the defendants in this case concerning the property.

27. The defendants' violations of the Fair Debt Collections Practices Act continued after July 19, 2022 and continue to this day. After receiving Exhibit A and Exhibit B, Haring's counsel called and wrote to McMichael Taylor and Rich explaining that Exhibit A and Exhibit B violated the Fair Debt Collection Practices Act and sought assurance than no self-help eviction would take place and sought withdrawal of the threat of self-help eviction and no such withdrawal has been provided.

28. As a proximate result of the breaches of the Fair Debt Collection Practices Act, recited in this Count of this complaint, Haring sustained the following damages:

    A. She sustained the cost of travel to go to the residence towards protecting her personal property at the residence, which included, *inter alia*, rare Currier and Ives art and other valuable heirlooms. This sometimes required her to go to the expense of staying in hotels.

    B. She lost income from taking off time from work to take action toward protective her personal property at the residence.

    C. She sustained severe emotional distress.

    D. She incurred medical and medicine expenses stemming from treatment for the distress she sustained recited in subsection C of this paragraph of this complaint.

    E. She sustained the cost for travel to and from medical providers and dispensers of medicines.

    F. She sustained and will sustain the loss of interest on her economic damages recited herein above in this paragraph of this complaint.

29. McMichael Taylor's breaches of the Fair Debt Collection Practices Act recited herein above in this Count of this complaint were intentional, deliberate, willful, wrongful,

oppressive, and so lacking in consideration of Haring's rights as to be legally malicious, although not based on actual hate.

30. As a result of the facts set forth in this Count of this complaint, Haring is entitled to entry of a judgment in her favor against McMichael Taylor for statutory damages, compensatory damages, including for emotional distress, interest, and attorney's fees.

31. As a result of the facts set forth in this Count of this complaint, there are grounds for this Court to enter a judgment in favor of Haring against McMichael Taylor for punitive damages.

**Count Two:  Breaches of the Fair Debt Collection Practices Act by Rich; Seeking Statutory Damages, Compensatory Damages, Punitive Damages, and Attorney's Fees.**

32. Haring re-avers the facts set forth in Count One of this complaint except for the averments as to remedy.

33. In sending Exhibit A and Exhibit B to Haring (by sending such to her legal counsel) Rich acted as a debt collector because Exhibit A and Exhibit B both stated they were from a debt collector and Rich signed Exhibit A and Exhibit B.  Exhibit A and Exhibit B both sought possession of a foreclosed property through completion of the last step of a foreclosure process.

34. In acting to send Exhibit A and B, Rich breached the Fair Debt Collection Practices Act for the reasons set forth in Count One of this complaint and in paragraph 34 of this complaint.

35. Rich also breached the Fair Debt Collection Practices Act by communicating with third parties without there being any exception to do so as set forth in detail in paragraphs 25 and 26 of this complaint.

8

36. As a proximate result of Rich's breaches of the Fair Debt Collection Practices Act, Haring sustained and will sustain the following damages:

    A. She sustained the cost of travel to go to the residence towards protecting her personal property at the residence, which included, *inter alia*, rare Currier and Ives art and other valuable heirlooms and for travel to and from medical providers and dispensers of medicines. Such travel sometimes added to Haring's damages because she was required, as part of the aforesaid travel, to go to the expense of hotel costs.

    B. She lost income from taking off time from work to take action toward protective her personal property at the residence.

    C. She sustained severe emotional distress.

    D. She incurred medical and medicine expenses stemming from treatment for the distress she sustained recited in subsection C of this paragraph of this complaint.

    E. She sustained the cost for travel to and from medical providers and dispensers of medicines.

    F. She sustained and will sustain the loss of interest on her economic damages recited herein above in this paragraph of this complaint.

37. Rich's breaches of the Fair Debt Collection Practices Act recited herein above in this Count of this complaint were intentional, deliberate, wanton, willful, wrongful, illegal, oppressive, unfair, abusive, harassing, unconscionable, deceptive, and so lacking in consideration of Haring's rights as to be legally malicious, although not based on actual hate or malice.

38. As a result of the facts set forth in this Count of this complaint, Haring is entitled to entry of a judgment in her favor against Rich for statutory damages, compensatory damages, including for emotional distress, interest, and attorney's fees.

39. As a result of the facts set forth in this Count of this complaint, there are grounds for this Court to enter a judgment in favor of Haring against Rich for punitive damages.

**Count Three: Breaches of Fair Debt Collection Practices Act by Kamensky; Seeking Statutory Damages, Compensatory Damages, Punitive Damages, and Attorney's Fees.**

40. Haring re-avers the facts set forth in Count One and Count Two of this complaint, except for the averments as to remedy.

41. On July 19, 2023, Kamensky and Rich were both lawyers in the law firm of McMichael Taylor, with Kamensky in a supervisory role over Rich.

42. On July 19, 2023, Rich showed Exhibit A to Kamensky.

43. Kamensky read Exhibit A and told Rich that Kamensky did not consider Exhibit A to be as aggressive a communication meant for Haring that Kamensky wanted to be sent

44. Kamensky directed Rich to send Exhibit B meant to be seen by Haring for the purpose of frightening Haring and causing her to do what was sought by Exhibit A and Exhibit B.

45. In directing Rich to send Exhibit B, Kamensky acted as a debt collector for reasons including that he directed Exhibit B to be sent and Exhibit B stated it was sent from a debt collector.

46. In directing Rich to send Exhibit B, Kamensky breached the Fair Debt Collection Practices Act by using highly aggressive means for a deceptive threat of more than Kamensky intended as a means to frighten Haring into doing what was demanded of Haring by Exhibit A and Exhibit B. Such action by Kamensky was also in violation of the Fair Debt Collection Practices Act because, for the reasons set forth in Count One of

       this complaint, Exhibit B was abusive, unfair, unconscionable, harassing, threatening, deceptive, and because Exhibit B used a deceptive means to threaten more than Kamensky intended in order to frighten Haring into doing what was demanded of her by Exhibit A.

47. Kamensky also breached the Fair Debt Collection Practices Act by communicating with third parties without there being any exception to do so as set forth in detail in paragraphs 25 and 26 of this complaint.

48. As a proximate result of Kamensky's breaches of the Fair Debt Collection Practices Act, Haring sustained and will sustain the following damages:

    A.    She sustained the cost of travel to go to the residence towards protecting her personal property at the residence, which included, *inter alia*, rare Currier and Ives art and other valuable heirlooms and for travel to and from medical providers and dispensers of medicines. Such travel sometimes added to Haring's damages because she was required, as part of the aforesaid travel, to go to the expense of hotel costs.

    B.    She lost income from taking off time from work to take action toward protective her personal property at the residence.

    C.    She sustained severe emotional distress.

    D.    She incurred medical and medicine expenses stemming from treatment for the distress she sustained recited in subsection C of this paragraph of this complaint.

    E.    She sustained the cost for travel to and from medical providers and dispensers of medicines.

      F.      She sustained and will sustain the loss of interest on her economic damages recited herein above in this paragraph of this complaint.

49. In breaching the Fair Debt Collection Practices Act, Kamensky acted deliberately, intentionally, willfully, wantonly, wrongfully, oppressively, illegally, unfairly, in a harassing manner, deceptively, abusively, and with such aggravated disregard of Haring's rights as to be legally malicious.

50. As a result of the facts set forth in this Count of this complaint, Haring is entitled to entry of a judgment in her favor against Kamensky for statutory damages, compensatory damages, including for emotional distress, interest, and attorney's fees.

**Count Four:** **Breaches of the Fair Debt Collection Practices Act by McMichael Taylor in 2023; Seeking Statutory, Compensatory, and Punitive Damages and Attorney's Fees.**

51. Haring re-avers the facts set forth in Count One, Count Two, Count Three, and Count Four of this complaint except for averments as to remedy.

52. In 2023, Theologou, as a managing attorney for McMichael Taylor, has been counsel of record for the appellee in the appeal to the 4th Circuit recited herein above.

53. In such capacity, Theologou has acted as a debt collector for three reasons: (a) because McMichael Taylor has been a debt collector as to all of the litigation that is a subject of this case for the reasons set forth herein above in this complaint; (b) because McMichael Taylor, though Theologou, filed an unlawful detainer against Haring in state court; and (c) in emails between Theologou and Haring, Theologou's emails contained form language that McMichael Taylor was acting as a debt collector.

54. Accompanying this complaint as "Exhibit C" is language set forth in an email from Haring to Theologou that included statements by Haring that someone came to the

residence falsely claiming to be there to cut grass and stating there had been recent loss of Haring's personal property.

55. Accompanying this complaint as "Exhibit D" is language from McMichael Taylor, through Theologou, responding to Haring that the person referenced by Haring as falsely claiming to cut the grass was not McMichael Taylor's client.  This was a violation of the Fair Debt Collection Practices Act because such person acted on behalf of McMichael Taylor's client, even if as an independent contractor so that it was unfair and an abuse of the position of McMichael Taylor to say that such person was not McMichael Taylor's client when that avoided Haring's manifest point that someone on behalf of McMichael Taylor's client acted in an improper way in pretending to be at the residence to cut grass when that was not the case. Aside from avoiding Haring's said point, Exhibit D had the effect of deceptively suggesting that the person falsely claiming to be at the property to cut the grass was not acting in any way, even indirectly, on behalf of the bank.

56. McMichael Taylor, through Theologou, also breached the Fair Debt Collection Practices Act by communicating with third parties without there being any exception to do so as set forth in detail in paragraphs 25 and 26 of this complaint.

57. As a proximate result of such breaches of the Fair Debt Collection Practices Act, Haring sustained and will sustain the following damages:

    A.     She sustained the cost of travel to go to the residence towards protecting her personal property at the residence, which included, *inter alia*, rare Currier and Ives art and other valuable heirlooms.  This sometimes required her to go to the expense of staying in hotels.

      B.      She lost income from taking off time from work to take action toward protective her personal property at the residence.

      C.      She sustained severe emotional distress.

      D.      She incurred medical and medicine expenses stemming from treatment for the distress she sustained recited in subsection C of this paragraph of this complaint.

      E.      She sustained the cost for travel to and from medical providers and dispensers of medicines.

      F.      She sustained and will sustain the loss of interest on her economic damages recited herein above in this paragraph of this complaint.

58. McMichael Taylor's breaches of the Fair Debt Collection Practices Act recited herein above in this Count of this complaint was intentional, deliberate, willful, wrongful, wanton, oppressive, deceptive, illegal, harassing, abusive, and so lacking in consideration of Haring's rights as to be legally malicious, although not based on actual hate or malice.

59. As a result of the facts set forth in this Count of this complaint, Haring is entitled to entry of a judgment in her favor against McMichael Taylor for statutory damages, compensatory damages, including for emotional distress, interest and attorney's fees.

60. As a result of the facts set forth in this Count of this complaint, there are grounds for this Court to enter a judgment in favor of Haring against McMichael Taylor for punitive damages.

**Count Five:   Theologou's Breaches of the Fair Debt Collection Practices Act; Seeking Statutory and Compensatory Damages and Punitive Damages and Attorney's Fees**

61. Haring re-avers the facts set forth in Count One, Count Two, Count Three, and Count Four of this complaint, except the averments as to remedy.

62. As set forth herein above, Theologou, in the actions set forth in Count Four of this complaint, acted as a debt collector.

63. As set forth in Count Four of this complaint, in Exhibit D, Theologou breached the Fair Debt Collection Practices Act.

64. As a proximate result of Theologou's breaches of the Fair Debt Collection Practices Act (as recited in Count Four of this complaint coupled with paragraphs 63 and 64 of this Count of this complaint, Haring sustained and will sustain the following damages:

    A. She sustained the cost of travel to go to the residence towards protecting her personal property at the residence, which included, *inter alia*, rare Currier and Ives art and other valuable heirlooms. This sometimes required her to go to the expense of staying in hotels.

    B. She lost income from taking off time from work to take action toward protective her personal property at the residence.

    C. She sustained severe emotional distress.

    D. She incurred medical and medicine expenses stemming from treatment for the distress she sustained recited in subsection C of this paragraph of this complaint.

    E. She sustained the cost for travel to and from medical providers and dispensers of medicines.

    F. She sustained and will sustain the loss of interest on her economic damages recited herein above in this paragraph of this complaint.

65. Theologou's breaches of the Fair Debt Collection Practices Act recited herein above in this Count of this complaint were intentional, deliberate, willful, wrongful, oppressive, illegal, wanton, deceptive, unconscionable, harassing, abusive, and so lacking in

consideration of Haring's rights as to be legally malicious, although not based on actual hate or malice.

66. As a result of the facts set forth in this Count of this complaint, Haring is entitled to entry of a judgment in her favor against Theologou for statutory damages, compensatory damages, including for emotional distress, interest and attorney's fees.

67. In a result of the facts set forth in this Count of this complaint, there are grounds for this Court to enter a judgment in favor of Haring against Theologou for punitive damages.

## Call for Trial By Jury

68. Haring calls for trial by jury.

## Conclusion

Wherefore, Haring prays that the Court enter a judgment in her favor against all defendants, jointly and severally for statutory damages, compensatory damages (including for emotional distress), past and future interest, punitive damages, and attorney's fees.

Respectfully submitted,

**ELIZABETH HARING,**

By   /s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
 (804) 205-9020; fax (804) 205-9029
henry@mclaughlinvalaw.com
*Counsel for Elizabeth Haring*